IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 22-CR-30098-DWD |
| | ) |
| ROBERT L. SMILEY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On April 12, 2023, Defendant pled guilty, pursuant to a written plea agreement (Doc. 29), to a single-count Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g). Now pending before the Court is Defendant's Motion to Dismiss for Failure to State an Offense ("Motion"). (Doc. 49). In the Motion, Defendant contends that the charge violates his rights under the Second Amendment to the United States Constitution. In support of his argument, Defendant cites several cases that have deemed the felon in possession charge unconstitutional under the Supreme Court's ruling in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Defendant also requests additional sentencing credit for time spent in pretrial custody. The Government has responded (Doc. 51) arguing, among other things, that the Motion should be dismissed based on the knowing waiver in Defendant's written plea agreement. The Government further contends that Defendant's request for sentencing

credit should be denied. For the following reasons, Defendant's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

On Aug. 16, 2022, the Defendant was charged in a single-count indictment with Possession of a Firearm by a Felon. The Defendant entered a Plea Agreement (Doc. 29) with the Government, in which the Defendant agreed to plead guilty to the charge. The Defendant signed the plea agreement, agreeing that he understood he could no longer exercise certain rights pertaining to his case. Namely, Defendant agreed to waive all right to appeals and collateral actions challenging his conviction or sentence. He also expressly agreed not to challenge the constitutionality of 922(g) at any time:

> "However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the right to seek modification of, or contest and aspect of, the conviction or sentence in any type of proceeding, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which the Defendant is pleading guilty or under which the Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statutes(s)."

(Doc. 29, pp. 8-9) (emphasis omitted).

## II. DISCUSSION

**A. Request to Dismiss Indictment**

This Court must deny Defendant's Motion for several reasons. The Government contends that Defendant's Motion is barred by the waiver provision of the Plea Agreement (Doc. 29). The Court agrees. On April 12, 2023, Defendant signed a Plea

Agreement that verified his understanding and acceptance of its terms. In that agreement, Defendant stated that he "knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding." (Doc. 29, p. 8). Therefore, Defendant waived any right he had to challenge the constitutionality of 922(g) at any time. Defendant also waived "the right to plead not guilty, the right to be tried by a jury in a public and speedy trial, and the right to file pretrial motions." (Doc. 29, p. 7). Therefore, Defendant explicitly waived his right to file any pretrial motions in his plea agreement, thus making his Motion improper.

In addition, as argued by the Government, Defendant's Motion is untimely. Under Federal Rule of Criminal Procedure 12(b)(3), a Motion to Dismiss for Failure to State an Offense must be brought before trial. Defendant filed his Motion to Dismiss nearly eight months after he was sentenced, violating Rule 12(b)(3).

Given the Court's findings regarding waiver and timeliness, the undersigned cannot address Defendant's arguments regarding the constitutionality of 922(g). The Court notes, however, that even if it could address this argument, it is without merit. In his Motion, Defendant claims that his indictment is inconsistent with the Supreme Court of the United States' ruling in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The holding in *Bruen* prohibits state regulations from interfering with a law-abiding citizen's right to carry a firearm outside the home. *Id.* at 8. It is important to note, however, that *Bruen* does not expand the categories of people who may possess firearms under 18 U.S.C. § 922. *Id.* (Alito, J., concurring). Rather, *Bruen* instructs courts to rely on American history and tradition when assessing whether firearm regulations violate the

Second Amendment, this includes 922(g). *Id.* Pursuant to this analysis, this undersigned has repeatedly found that 922(g) remains constitutional. *See* e.g., *U.S. v. Sloat*, No. 3:22-cr-30017-DWD, 2023 WL 8455112 (S.D. Ill. Dec. 6, 2023*)*.

**B. Request for Sentencing Credit**

Defendant's Motion also asks the Court to ascribe additional sentence credit based upon time he spent in pretrial custody. Sentence credits are calculated under 18 U.S.C. § 3585. Under 3585(a) a sentence to a term of imprisonment begins on the date the defendant is placed under federal custody. Subsection (b) states that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. Although Defendant may meet these criteria, he has not taken the procedural steps necessary to bring this issue before the Court.

It is the Attorney General's duty, acting through the Bureau of Prisons, to compute credit due under § 3585(b). *See United States v. Lee*, 60 F. 3d 1266, 1272 (7th Cir. 1995), citing *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). The Administrative Remedy Program serves to allow inmates to seek formal review of an issue relating to any aspect of their confinement, including computation of their credits. *Id.* If Defendant believes that the Bureau of Prisons incorrectly calculated his sentencing credit, he must seek relief through the Administrative Remedies Program. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019). Until Defendant exhausts his administrative remedies, this Court does not have jurisdiction to review the computation

of his sentencing credit. *See Wilson,* 503 U.S. at 335-36, 112 S.Ct. at 1355; *United States v. McGee,* 60 F.3d 1266, 1272 (7th Cir. 1995).

Defendant has not shown that he has exhausted his administrative remedies within the Bureau of Prisons regarding the computation of his sentence credit. As a result, this court lacks jurisdiction to review any computation of Defendant's credit at this time. After exhausting available administrative remedies, if Defendant still believes that he has not received the correct amount of sentencing credit, he may be able to file a petition for habeas corpus under 28 U.S.C. § 2241. *Walker*, 917 F.3d at 994.

### III.   Conclusion

For the reasons set forth herein, Defendant's Motion to Dismiss for Failure to State an Offense (Doc. 49), is **DENIED**.

**SO ORDERED.**

Dated: June 17, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
